UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KAREEM S.H. COPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-073 |
| | ) | |
| SHERIFF COLEMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Kareem S.H. Cope filed this 42 U.S.C. § 1983 action alleging that he was improperly classified as a sex offender at Chatham County Detention Center and his request for a speedy trial and to proceed *pro se* in a state court prosecution were denied. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 6 & 7. The Court, therefore, proceeded to screen his Complaint, pursuant to 28 U.S.C. § 1915A. Doc. 8. While the Report and Recommendation was pending, Cope consented to the undersigned's plenary jurisdiction. Doc. 10. The Report and Recommendation is, therefore, **VACATED** as moot. Doc. 8. As the prior Order and Report and Recommendation explained, and as reiterated below, several of

Cope's claims are fatally defective. As to his Fourteenth Amendment claim, which the Court concludes is too vague to state any claim, he has also failed to comply with the Court's Order to amend it. *See id.* at 9. Because none of Cope's claims is sufficient, and he has not availed himself of the opportunity to amend, his Complaint is **DISMISSED**. Doc. 1.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Cope's allegations are divided into two distinct claims. First, he alleges that "Chatham County Sheriff Coleman, Ms. Joiner, Mr. King, the Classification Team, the Chatham County Sheriffs Office, and the Chatham County Detention Center, wrongfully classified [him] as a

registered sex offender . . . ." Doc. 1 at 5. As a result of his misclassification, he was assigned to a housing unit that subjected him to more rigorous conditions of confinement. *See id.* As relief on that claim, he seeks monetary damages and an order requiring his reclassification. *See id.* at 6. Second, he alleges that a Chatham County Superior Court judge, Hon. Timothy Walmsley, and his assigned public defender failed to grant his request for a speedy trial on unspecified state charges and did not permit him to proceed *pro se* in that case. *See id.* at 5. As relief on that claim, he requests that this Court order Judge Walmsley to permit him to proceed *pro se* and conduct a speedy trial. *Id.* at 6. He also requests that the Court order his public defender "and all other public defenders [be] removed from assisting [him]." *Id.*

The claims arising from his prosecution may be resolved with dispatch. To the extent that Cope asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in

determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). However, even assuming the state proceedings have terminated, his claims against the named defendants are all fatally defective.

Judge Walmsley is immune from suit. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux,* 780 F.2d 911, 914 (11th Cir. 1986). While Cope clearly disagrees with Judge Walmsley's response to his speedy trial request and request to proceed *pro se*, he does not even suggest—nor could he plausibly—that Judge Walmsley's response was in the "clear absence of all jurisdiction." *Cf.* O.C.G.A. § 15-6-8. Judge Walmsley, therefore, enjoys absolute judicial immunity against any claim arising out of his handling of Cope's requests.

To the extent that Cope seeks to sue his public defender, or any other public defender, it is unclear how he contends his public defender was responsible for Judge Walmsley's refusal to permit him to proceed *pro se*. *See* doc. 1 at 5. The lack of factual allegations against his public defender is fatal to Cope's claim. *See, e.g., Iqbal*, 556 U.S. at 678. Regardless, however, his public defender's actions, whatever they might

5

have been, are not "under color of state law." The Supreme Court has concluded "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). As his public defender's actions, or inactions, were not performed "under color of state law," he cannot be sued under § 1983.[1]

Cope's claims concerning his classification and housing as a sex offender are less clear cut. His is incorrect that classification and housing decisions implicate his Eighth Amendment right to be free from cruel and unusual punishment. *See* doc. 1 at 5. However, placement in segregated confinement or being subject to heightened restrictions can implicate his due process rights under the Fourteenth Amendment.[2] *See id*. The Due

---

[1] To the extent that Cope might assert some state-law malpractice claim against his public defender, because he has not alleged a viable federal claim against him, the Court declines to exercise supplemental jurisdiction over any such claim. *See, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)).
[2] Cope's assertion that his classification violates his Fifth Amendment due process rights is incorrect, as the Fifth Amendment applies only to federal, not state, actors.

Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally protected interest "'in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Generally, "[w]hen an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation . . . or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (per curiam). Thus, to state a due process claim, a prisoner must allege more than just confinement in segregation without due process. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The prisoner must also show that the nature of his confinement (i.e., the conditions or duration) gives rise to a

---

*See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) ("The Fifth Amendment is out because it protects a citizen's rights against infringement by the federal government, not by state government." (citations omitted)).

protected liberty interest and otherwise entitles him to some measure of due process. *See id*. at 486-87.

Cope's allegations concerning the additional restrictions he is subject to as a sex offender are simply too vague to state a Fourteenth Amendment claim. His allegation that his classification renders him ineligible to be "an inmate trustee," doc. 1 at 5, does not allege that he is subject to any particularly harsh or restrictive conditions. *See, e.g., Davis v. Kawaiski*, 2022 WL 281365, at *1 (N.D. Ind. Jan. 28, 2022) ("not being given [a] trustee job . . . does not pose either an 'atypical' or 'significant' hardship in relation to the ordinary incidents of prison life."); *Curbow v. Jackson*, 2008 WL 11443086, at *4 (N.D. Tex. Feb. 14, 2008) ("reduction in trustee status[ ] does not implicate the due process clause of the Fourteenth Amendment."). The remaining allegations concerning restriction from "various programs," and other housing units being "less severe . . . with more privileges," doc. 1 at 5, do not sufficient identify the programs, restrictions, and privileges at issue to support a Fourteenth Amendment claim. The Court afforded him an opportunity to amend his Fourteenth Amendment claim, *see* doc. 9 at 9, but he failed to submit one within the deadline, *see generally* docket.

In summary, Cope's Complaint fails to state any claim upon which relief may be granted. It is, therefore, **DISMISSED**. 28 U.S.C. § 1915A(b)(1). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 30th day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA